IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

        -v-

NATIONAL AIR CARGO, INC.

           Defendant

---

07  CR  254 S

07-CR-

**FILED**



OCT 2 5 2007

CLERK, US DISTRICT COURT, WDNY

## PLEA AGREEMENT

Pursuant to Federal Rule of Criminal Procedure Rule 11(c)(1)(C), the defendant, NATIONAL AIR CARGO, INC. ("NAC"), and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms set forth below.

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count information charging a violation of Title 18, United States Code, Section 1001(a)(2) for which the maximum sentence is a fine of $8,800,000, restitution of $4,400,000, and a mandatory $400 penalty assessment and a possible term of probation of at least 1 year and no more than 5 years.

2.    The guilty plea entered pursuant to this agreement is in satisfaction of (a) any and all federal offenses committed for the period between January 1999 to and including April 2005 by the defendant based upon facts set forth in ¶4 of this agreement and (b) based upon any facts or documents known to the government or upon documents in the possession of the Office of the United States Attorney for the Western District of New York at the time a guilty plea is entered pursuant to this agreement that relate to (i) late delivery of freight, (ii) facts or documents which the government would allege constitute false claims or false statements relating to NAC's carriage of freight for the United States, (iii) use by NAC of the PowerTrack system; or (iv) facts relating to the mode or method chosen by NAC to perform work under a freight contract with the United States.    The parties understand that the government's allegations and investigation have focused solely on the transportation and shipment of freight within the continental United States (CONUS) by National Air Cargo, Inc., and not any other related entities.

II.    **ELEMENTS OF THE CRIME AND FACTUAL BASIS**

3.    The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this

case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a)   That on or about the date set out in the Information, the defendant falsified a material fact;

b)   That the defendant acted willfully and knowingly; and

c)   That the falsification was with respect to a matter within the jurisdiction of the Government of the United States.

### FACTUAL BASIS

4.   The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a)   Defendant NATIONAL AIR CARGO, INC, (NAC) is a New York Corporation which has its corporate offices at 350 Windward Drive, Orchard Park, New York, in the Western District of New York.

b)   On March 17, 1997, NAC entered into an agreement with the Department of Defense through the Army's Military Traffic Management Command (MTMC) under which NAC was permitted to offer air freight forwarder services to the Department of Defense.

c)   As part of its agreement with MTMC, NAC agreed to comply with various Department of Defense regulations, including the Defense Transportation Regulation (DTR).

d)   At all times relevant herein, 31 U.S.C. § 3726 required payments for transportation services to be audited prior to payment and permitted the government to audit all such payments for a period of three years. NAC understood that its charges for transportation services could be audited by various agencies within the Department of Defense and that it had an obligation to keep true and accurate records relating to such services.

e)   NAC provided air freight forwarder services to the Defense Distribution Center Anniston, Alabama (Anniston) a unit within the Defense Logistics Agency of the Department of Defense authorized to audit transportation charges.   The Department of Defense is a department within the Executive Branch of the United States government.

f)    As part of its audit functions, from time to time, Anniston would request hard copies of proofs of delivery (POD), noting that Anniston required 95% on time delivery in order to keep working with a particular air freight forwarder.   A proof of delivery is a term which refers to a copy of bill of lading or other document signed and dated by the entity receiving the freight shipped.

g)   On or about February 23, 2001, Anniston requested hard copies of various proofs of delivery from NAC. On or about March 19, 2001, an employee of National Air Cargo did submit, via facsimile machine to Anniston a hard copy POD which had been falsified, to wit, a POD for Bill of Lading 012612AA, on which the actual delivery date of January 26, 2001 had been concealed and replaced with an earlier delivery date of January 24, 2001.

h)   The parties agree that for purposes of relevant conduct and for this plea agreement that the loss to the United States has been estimated by the government to be the sum of $4,400,000 for the time period January 1999 to and including March 2002.  The defendant does not contest this estimate for purposes of this Plea Agreement.

### III.   SENTENCING GUIDELINES

5.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984, November 2006 Manual).

6.    The government and the defendant agree that the sentence will be calculated in accordance with Chapter 8 of the Sentencing Guideline Manual, and Part 8C2 thereof, which pertains to the Sentencing of Organizations other than those that operate primarily for a criminal purpose.

7.    The defendant agrees pursuant to Title 18 U.S.C. §3663(a)(3) and Guideline §8B1.1(a), the Court will enter a restitution order for the full amount of the victim's loss, which is agreed to be $4,400,000.

8.    The defendant also understands that pursuant to Guideline §8B1.1(c), the Court shall order that any money paid by the defendant shall first be applied to satisfy the order of restitution.

9.    The government and the defendant agree that pursuant to Guideline §§8A1.1, 8A1.2 and 8C2.1, the base offense level is determined by reference to Guideline §2B1.1(a).  The base offense level is therefore 6.

## SPECIFIC OFFENSE CHARACTERISTICS

10.    The government and the defendant agree that the offense level should be increased by 18 levels pursuant to Guidelines

§2B1.1(b)(1)(J), because the agreed upon loss was greater than $2,500,000 and less than $7,000,000.

11.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level is 24.

12.   The defendant and the government agree that Guideline §8C2.4(a)(2) prescribe a base fine of $4,400,000.

13.   The government maintains that the culpability score is determined by Guideline §§8C2.5(a) and 8C2.5(b)(4) for a culpability score of 7.   The defendant does not agree that there are facts supporting an enhancement under 8C2.5(b)(4).

14.   The government agrees not to assert that 3 point increase under Guidelines §8C2.5(e) obstruction of justice is applicable.

15.   The government and the defendant agree that 1 point should be subtracted from the culpability score pursuant to Guidelines §8C2.5(g)(3).   Based upon the government's calculation, the defendant's total culpability score is therefore 6.

16.   Pursuant to Guidelines §8C2.6, the minimum and maximum multipliers corresponding to a culpability score of 6 are a minimum multiplier of 1.2, and a maximum multiplier of 2.40.

17.   Pursuant to Guidelines §8C2.7(a), the minimum of the guideline fine range is the product of the base fine [$4,400,000] and the minimum multiplier [1.2].   The minimum of the guideline fine range is therefore $5,280,000.

18.   Pursuant to Guidelines §8C2.7(b), the maximum of the guideline fine range is the product of the base fine [$4,400,000] and the maximum multiplier [2.40].   The maximum of the guideline fine range is therefore $10,560,000.   Accordingly, the guideline fine range is $5,280,000 to $10,560,000.

19.   The government and the defendant understand that imposition of the fine is subject to Guideline Section 8C3.1.   The maximum statutory fine under 18 U.S.C. §3571(c)(2) is the greater of twice the gross gain or twice the gross loss.   The government and the defendant disagree concerning the gross gain to the defendant, but agree that imposition of a fine based upon gross gain would unduly complicate or prolong the sentencing process within the meaning of 18 U.S.C. §3571(d) and that a sentence should therefore not be based on gross gain to the defendant.   The

government and the defendant therefore agree, for purposes of this plea agreement only, that the gross loss to the United States is $4,400,000 and that double that amount is $8,800,000.

20.   Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose the statutory maximum fine of $8,800,000 and restitution in the amount of $4,400,000.   The parties also agree, pursuant to Rule 11(c)(1)(C) that in consideration of the defendant's intention to pay restitution, fines, penalties and civil settlements when the plea is accepted, the parties agree that no period of probation is necessary.   If the Court rejects this agreement, the defendant shall then be afforded the opportunity to withdraw the plea of guilty.

### IV.   <u>STATUTE OF LIMITATIONS</u>

21.   The defendant acknowledges that it has previously willingly entered into a series of tolling agreements relating to the statute of limitations, and agrees that the criminal conduct set forth herein is timely charged.   The defendant waives any right to challenge this plea or this conviction on the grounds of the statute of limitations.

8

22.   In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the improper substitution of truck service for air service or the falsification of delivery dates for the period January 1999 to April 2005 which is not time barred as of the date of this agreement.   The parties recognize that several tolling agreements have been entered into by the parties, and those agreements would continue to have force and effect.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. GOVERNMENT'S RIGHTS AND RESERVATIONS

23.   The defendant understands that the government has reserved the right to:

a.   in the event a Pre-sentence Report is not waived, provide to the Probation Office and the Court all the information and evidence in its possession that the government deems

relevant concerning the defendant's background and involvement in the offense charged and the circumstances surrounding the charge; and

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government.

24.    The government agrees not to oppose defendant's request that the Presentence Investigation Report (PSR) be waived in this case.  The parties understand and agree that if the Court accepts the terms and conditions of this plea agreement pursuant to Rule 11 (c)(1)(C) of the Federal Rules of Criminal Procedure, the Court must either impose the agreed sentence, or allow defendant to withdraw its plea of guilty and the United States to withdraw from this Plea Agreement.

25.    The government further, in return for this plea of guilty, agrees that it will take no position with any federal Executive Agency concerning the present responsibility of defendant National Air Cargo, Inc., or any company affiliated with National Air Cargo, Inc., or its present or former owners, directors, officers, or employees.  This agreement, however, does not limit the ability of the government, consistent with the provisions of Rule 6 of the Federal Rules of Criminal Procedure, to provide investigative materials concerning those entities and parties

mentioned above to any federal Executive Agency who requests such information from the government.

## VI.  **APPEAL RIGHTS**

26.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal, modify pursuant to Title 18, United States Code, Section 3582(c)(2) and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the fine and restitution set forth in this Plea Agreement, notwithstanding the manner in which the Court determines the sentence.

27.    The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28.    The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater

than the sentencing range for a fine and restitution set forth in this Plea Agreement, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

29. The government agrees that neither the defendant National Air Cargo, Inc., its affiliated companies nor its present or former owners, directors, officers, or employees will be prosecuted by the Office of the United States Attorney for the Western District of New York for (a) any federal criminal offenses committed for the period between January 1999 to and including April 2005 based upon facts set forth in ¶4 of this agreement, and (b) any federal criminal offenses based upon any facts or documents known to the government or upon documents in the possession of the Office of the United States Attorney for the Western District of New York  at the time a guilty plea is entered pursuant to this agreement that relate to (i) late delivery of freight, (ii) facts or documents which the government would allege constitute false claims or false statements relating to NAC's carriage of freight for the United States, (iii) use by NAC of the PowerTrack system; or (iv) facts relating to the mode or method chosen by NAC to perform work under a freight contract with the United States. The parties understand that the government's allegations and investigation have focused

12

solely on the transportation and shipment of freight within the continental United States (CONUS) by National Air Cargo, Inc., and not any other related entities.

### VII.   GLOBAL SETTLEMENT

30.   The defendant has requested a global settlement agreement to address civil liability issues relating to the acts involved in this plea, including resolution of a qui tam case which has been filed in this District but remains sealed.   To accomplish a global settlement National Air Cargo, Inc. and the United States will enter into the civil settlement agreements referenced below.

31.   Consistent with this agreement, on the date that this plea agreement is accepted by the Court, defendant will immediately deposit a check made payable to "Clerk, United States District Court", with the Clerk of the Court for the United States District Court for the Western District of New York in the sum of $13,200,400 (which includes the special penalty assessment set forth in ¶ 1 of this agreement), and will tender to the Office of the United States Attorney for the Western District of New York, a check payable to the "United States Department of Justice" in the amount of $7,429,000.

32.   In the event that the payment of any financial obligation of the defendant to the government under the terms and conditions of this plea agreement is not paid prior to the time of sentencing, the defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VIII.   FORFEITURE PROVISIONS

33.   As a condition of this plea, the defendant corporation agrees not to contest the forfeiture proceeding brought by the United States and agrees to immediately civilly forfeit all of the defendant's right, title and interest  pursuant to 18 U.S.C. § 981 (a)(1)(C), in the following property:

A.) The sum of Seven Million, Four Hundred and Twenty Nine Thousand ($7,429,000) Dollars United States currency.

34.   The defendant corporation acknowledges that the government has commenced a civil forfeiture action against the sum of $7,429,000 United States currency, 07-CV-704.   The defendant agrees to enter into a stipulation agreeing to the civil forfeiture of this property and agrees to provide and execute any other

documents the United States deems necessary to resolve the civil litigation.

35.   With respect to the monetary amount referenced above, the defendant agrees, as part of this agreement that the defendant will make, or cause to be made, a payment to the government in the total amount of $7,429,000 United States currency in the form of a certified check payable to "United States Department of Justice", at the time of the acceptance of this Plea Agreement by the Court, in full satisfaction of any asset forfeiture in this matter.   To meet the jurisdictional requirements of the civil forfeiture litigation, said amount will be held in escrow by defendant's counsel, Rodney O. Personius, Esq. until the acceptance of the plea by the Court.

36.   The defendant corporation knowingly, intelligently, and voluntarily waives its right to a jury trial on the forfeiture of the assets and imposition of a civil penalty.   Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.   Defendant further agrees to waive any claim or defense under the Eighth Amendment to

the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

37. The defendant agrees that the forfeiture of the aforementioned funds and any properties as authorized herein pursuant to Title 18, United States Code, Section 981(a)(1)(C) shall not be deemed an alteration of the defendant's sentence.

38. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence, including the forfeiture of assets as provided in this agreement.

## IX.   RESOLUTION OF QUI TAM ACTION

39. The parties further acknowledge that, as part of this agreement, the defendant will enter into an settlement agreement with the United States resolving the pending sealed Qui Tam action, 05-CV-2425-S. The terms of that resolution are set forth therein. In pertinent part, the defendant agrees to pay a total of $7,371,000 in FCA damages and penalties.

40. The defendant waives and agrees not to assert in any civil action arising from the conduct which gave rise to the

criminal charges that are the subject of this plea any defense based on the double jeopardy or excessive fines clauses of the Constitution.

### X.   TOTAL AGREEMENT AND AFFIRMATIONS

41.   This plea agreement represents the total agreement between the defendant and the government.   There are no promises made by anyone other than those contained in or referenced in this agreement.

> TERRANCE P. FLYNN
> United States Attorney
> Western District of New York
>
> BY: _____
> GRETCHEN L. WYLEGALA
> Assistant U. S. Attorney
>
> Dated: October 25, 2007

The corporate defendant, NATIONAL AIR CARGO, INC., by its attorneys, Williams & Connolly, LLP, F. Whitten Peters, Esq. and Personius Melber, LLP, Rodney O. Personius, Esq. by a vote of the Board of Directors, a copy of which resolution is attached hereto and marked **A**, hereby agrees to all the terms of this agreement. Furthermore, the defendant, NATIONAL AIR CARGO, INC., acknowledges that all the terms of this agreement, which consists of 18 pages,

have been explained to the Board of Directors.   The corporation has
had a full opportunity to discuss this agreement with its
attorneys, Rodney O. Personius, Esq. and F. Whitten Peters, Esq.
The corporation states that it represents the total agreement
reached between itself and the government.   No promises or
representations have been made to the corporation or any
representative of the corporation other than what is contained in
this agreement.   The corporation fully agrees with the contents of
this agreement.   The corporation is signing this agreement
voluntarily.

_____
NATIONAL AIR CARGO, INC.
BY:   MICHAEL M. McDANIEL
      General Counsel
      National Air Cargo, Inc.
      350 Windward Drive, Orchard Park, NY
      Defendant

Dated: October 25, 2007

_____
RODNEY O. PERSONIUS, Esq.
Attorney for Defendant Corporation

Dated: October 25, 2007

_____
F. WHITTEN PETERS, Esq.
Attorney for Defendant Corporation

Dated: October 25, 2007

18

## Secretary's Certificate

The undersigned, the Secretary of National Air Cargo, Inc., (the "Corporation"), hereby CERTIFIES that the following resolutions were duly adopted by the sole director and sole shareholder of the Corporation and have not been modified or rescinded:

**WHEREAS,** the Corporation has been the subject of an ongoing investigation conducted by the Office of the United States Attorney for the Western District of New York ("U.S. Attorney") regarding the Corporation's performance of certain government contracts; and

**WHEREAS,** following extensive negotiation between counsel for the Corporation and representatives of the U.S. Attorney a proposed Plea Agreement has been presented to the Corporation for its consideration; and

**WHEREAS,** the Plea Agreement, a copy of which is annexed hereto, has been presented to the sole shareholder and sole director of the Corporation for consideration; and

**WHEREAS,** the sole shareholder and sole director of the Corporation has reviewed extensively with the Corporation's counsel: (1) the nature of the charge which is the subject of the Plea Agreement, (2) the details of the Plea Agreement including applicable portions of the United States Sentencing Guidelines, (3) applicable constitutional rights of the Corporation and waivers of certain of those rights implicit in the Plea Agreement, (4) the voluntary nature of the Plea Agreement and the inability of the Corporation to change its plea once entered, and (5) the ability of the Court to accept or reject the Plea Agreement, as well as the factors the Court might take into account in reviewing the Plea Agreement and determining the sentence that would result from the plea; and

**WHEREAS,** having carefully reviewed the information provided by counsel and the consequences of the Plea Agreement, it is

**RESOLVED,** that the position of Vice President and General Counsel is herewith confirmed as that of an officer of the Corporation and Michael McDaniel is elected to fill that position until further action of the Corporation's sole Director; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is authorized, empowered and directed to execute the Plea Agreement on behalf of this Corporation; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is, authorized, empowered and directed to confirm to the United States District Court for the Western District of New York the presentation to the sole shareholder and sole director of the Corporation regarding the Plea Agreement and the potential consequences thereof and to further confirm the authority of the sole shareholder and the sole director to authorize the Corporation to enter into the Plea Agreement; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is, authorized, empowered and directed to take such further action as may be necessary in connection with the Corporation entering into the Plea Agreement and the presentation of the Plea Agreement to the United States District Court for the Western District of New York, including entry of the plea of guilty contemplated by this Plea Agreement and appearance for sentencing pursuant to that plea of guilty.

Dated:  October 24, 2007

Brian Conaway, Secretary

Sworn to before me this
24th day of October 2007

Notary Public

MICHAEL MCDANIEL
NOTARY PUBLIC, State of New York
No. 02MC6098139
Qualified in Erie County
My Commission Expires September 2, 20__

## ACTION ON CONSENT OF THE SOLE DIRECTOR
## AND THE SOLE SHAREHOLDER OF
## NATIONAL AIR CARGO, INC.

The undersigned, being the sole shareholder and sole director of National Air Cargo, Inc. (the "Corporation") do hereby adopt the following resolutions:

**WHEREAS,** the Corporation has been the subject of an ongoing investigation conducted by the Office of the United States Attorney for the Western District of New York ("U.S. Attorney") regarding the Corporation's performance of certain government contracts; and

**WHEREAS,** following extensive negotiation between counsel for the Corporation and representatives of the U.S. Attorney a proposed Plea Agreement has been presented to the Corporation for its consideration; and

**WHEREAS,** the Plea Agreement, a copy of which is annexed hereto, has been presented to the sole shareholder and sole director of the Corporation for consideration; and

**WHEREAS,** the sole shareholder and sole director of the Corporation has reviewed extensively with the Corporation's counsel:  (1) the nature of the charge which is the subject of the Plea Agreement, (2) the details of the Plea Agreement including applicable portions of the *United States Sentencing Guidelines*, (3) applicable constitutional rights of the Corporation and waivers of certain of those rights implicit in the Plea Agreement, (4) the voluntary nature of the Plea Agreement and the inability of the Corporation to change its plea once entered, and (5) the ability of the Court to accept or reject the Plea Agreement, as well as the factors the Court might take into account in reviewing the Plea Agreement and determining the sentence that would result from the plea; and

**WHEREAS,** the Corporation wishes to confirm that its Vice President and General Counsel is an officer of the Corporation; and

**WHEREAS,** having carefully reviewed the information provided by counsel and the consequences of the Plea Agreement, it is

**RESOLVED,** that the position of Vice President and General Counsel is herewith confirmed as that of an officer of the Corporation and Michael McDaniel is elected to fill that position until further action of the Corporation's sole Director; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is authorized, empowered and directed to execute the Plea Agreement on behalf of this Corporation; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is, authorized, empowered and directed to confirm to the United States District Court for the Western District of New York the presentation to the sole shareholder and sole director of the Corporation regarding the Plea Agreement and the potential consequences thereof and to further confirm the authority of the sole shareholder and the sole director to authorize the Corporation to enter into the Plea Agreement; and it is further

**RESOLVED,** that the Vice President and General Counsel be, and hereby is, authorized, empowered and directed to take such further action as may be necessary in connection with the Corporation entering into the Plea Agreement and the presentation of the Plea Agreement to the United States District Court for the Western District of New York, including entry of the plea of guilty contemplated by the Plea Agreement and appearance for sentencing pursuant to that pleas of guilty.

The undersigned intends the foregoing resolutions to be effective as if adopted at meetings of the shareholder and the board of directors of the Corporation duly called and held for such purpose at which a quorum was present and participating throughout.

Dated: October 24, 2007

NATIONAL AIR CARGO, INC.
Sole Shareholder

By: _____
    Christopher J. Alf, President

_____
Christopher J. Alf, Sole Director

Sworn to before me this
24th day of October 2007

_____
Notary Public

**MICHAEL MCDANIEL**
**NOTARY PUBLIC, State of New York**
No. 02MC6098139
Qualified in Erie County
My Commission Expires September 2, 20__